# DALLAS TERM, 1907.

## G. R. Miller v. The State.

### No. 3767.  Decided January 16, 1907.

**1.—Forgery—Weight of Evidence—Charge of Court—Variance.**

Where the original check as set out in the indictment showed in one place the figures $4.20, and in writing the words Four dollars; and the court charged that the check was for four dollars, there was no variance, and the matter was immaterial.

**2.—Same—Married Woman—Husband and Wife—Legal Obligation.**

Where upon a trial for forgery, the evidence showed that the alleged forged check was drawn by a married woman who was living with her husband, there was no error in refusing a requested charge that the said check did not import an obligation which would be the subject of forgery, but to charge the reverse of this. Following King v. State, 42 Texas Crim. Rep., 108.

Appeal from the District Court of Hardeman.  Tried below before the Hon. S. P. Huff.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Duncan G. Smith, W. T. Perkins* and *Stovall & Johnson,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

The forgery consisted in an alleged alteration of a check on a bank. The check was originally in the following form:

"Quanah, Texas.  Sept. 27, 1905.                    No.....
    J. B. Goodlett & Co., Bankers.
Pay to the order of G. R. Miller, .................$4.20.
........Four Dollars, ...............................Dollars.
                                         M. A. Waldrup."

The alleged alteration consisted in writing between the figures 4 and 2 a naught, making it read $40.20, and adding to the word "four" the letters "ty," making it "fourty," and after dollars the words "twenty cents" were inserted. So that, as changed, the draft or check was for $40.20. The evidence showed that M. A. Waldrup was the wife of J. W. Waldrup; that G. R. Miller picked cotton on the place of Waldrup for two or three days, and Mrs. M. A. Waldrup, wife of J. W. Waldrup, settled with him, and gave him a check on the local bank for $4.20 for picking cotton. This check, when presented to the bank, had been changed as above stated, making it read for $40.20. The bank refused to pay the check to the appellant on the alleged ground that M. A. Waldrup did not have an account there in her name, of M. A. Waldrup, but had an account there in the name of her husband, J. W. Waldrup. The check was returned to appellant, and he carried it back to Mrs. Waldrup. She took the check from him and noticed the change, and kept it, and wrote another check for $4.20 and gave appellant.

Appellant excepted to the following charge given by the court to the jury: "That if the jury believed that M. A. Waldrup gave the defendant a check on J. B. Goodlett & Co., for $4, and defendant raised it so as to increase it to the sum of $40.20, they should find the defendant guilty as charged in the indictment, and assess his punishment at confinement in the State penitentiary for any period of time not less than two nor more than seven years, even though they might find that M. A. Waldrup was a married woman at the time the check was drawn." Appellant objected to this because it was a charge upon the weight of the evidence, and there was no evidence that M. A. Waldrup gave, or intended to give, defendant a check upon J. B. Goodlett & Co., for $4, and because such charge was unwarranted and uncalled for by any evidence adduced on the trial. The only point of objection we here notice is the variance contained in the charge of the court as a draft of $4, instead of $4.20. In the original check it will be remembered that the figures showed $4.20, and the writing showed only $4. The fact that the court

suggested in his charge the indictment alleged a check of $4 instead of $4.20 we consider as immaterial. The alleged forged instrument was sufficiently identified in the charge.

Appellant requested a charge based on the proposition that the check was drawn by a married woman who was living with her husband, and that same did not import an obligation which would be the subject of forgery. The court gave a charge the reverse of this. The charge given by the court was in accordance with the doctrine announced in King v. State, 42 Texas Crim. Rep., 108. A majority of the court there held (the writer of this opinion dissenting) that the note of a married woman imported an obligation, and as such was the subject of forgery. In accordance with that opinion, we accordingly hold that the court did not err in giving the charge above referred to on the subject, and in refusing appellant's charge. We have examined the record carefully, and in our opinion the evidence is sufficient to authorize a conviction, and the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.